IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LAURANCE KRIEGEL, | § | |
| Plaintiff, | § | |
| v. | § | NO. 2:07-CV-25 |
| WILLIAM K. SUTER, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

Defendant serves as the Clerk of the Supreme Court of the United States. Plaintiff, *pro se*, seeks a writ of mandamus against him. Defendant has filed a *Motion to Dismiss* under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6). The motion is granted in accordance with Rule 12(b)(6).

### I. BACKGROUND

On October 4, 1993, Defendant informed Plaintiff by letter that the Supreme Court denied his petition for a writ certiorari in *Kriegel v. U.S.*, No. 93-118. Thirteen years later, Plaintiff filed a "writ of error" with the Supreme Court alleging that *Kriegel v. U.S.*, No. 93-118 has not been "answered or set for docket according to Judicial [sic] practice." Defendant returned the writ because the Supreme Court's rules do not provide for a writ of error. A few weeks later, Plaintiff filed sixty-two copies of the same writ. Defendant returned it for the same reason as before. Plaintiff then filed sixty-two copies of an "Extraordinary Writ"; he says that it is "basically the same" as the writ of error. Defendant returned the Extraordinary Writ because the Supreme Court considers *Kriegel v. U.S.*, No. 93-118 to be "closed and no further consideration is possible."

Plaintiff filed the present case for a writ of mandamus compelling Defendant to place *Kriegel v. U.S.*, No. 93-118 and the Extraordinary Writ on the docket. He alleges that Defendant did not have authority to inform him by letter that the Supreme Court denied his petition for a writ of certiorari. And he alleges that the Supreme Court should have docketed his writs once he filed sixty-two copies of them.

## II. DISCUSSION

Defendant has moved to dismiss this case under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6). *See* FED. R. CIV. P. 12(b). In analyzing a motion under 12(b)(6), this Court must accept all well-pleaded facts as being true and view them in a light most favorable to the nonmovant. *Capital Parks, Inc. v. Se. Adver. & Sales Sys., Inc.*, 30 F.3d 627, 629 (1994). Generally, this Court may look only to the allegations contained in the pleadings. *Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 935 (5th Cir. 1988). Yet it may "consider documents attached to or incorporated" in a complaint, such as the documents that Plaintiff attached to the original petition that he filed in state court before removal here. *See U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). Dismissal is proper if Plaintiff clearly can prove no set of facts supporting his claim that will entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-45 (1957); *Garrett v. Commonwealth Mtg. Co.*, 938 F.2d 591, 594 (5th Cir.1991).

Even the most sympathetic reading of the pleadings reveals no facts and no theories that will subject Defendant to liability. *See e.g., Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986). "Review on a writ of certiorari is not a matter of right, but of judicial discretion." SUP. CT. R. 10. Exercising that discretion, the Supreme Court denied Plaintiff's petition for a writ of certiorari. *See Kriegel v. U.S.*, 510 U.S. 865 (1993). The Supreme Court's rules required

Defendant to notify Plaintiff of that denial.  SUP. CT. R. 16.3.  Plaintiff had twenty-five days after the denial to file a petition for rehearing.  SUP. CT. R. 44.2.  He waited thirteen years and filed a challenge in the form of an Extraordinary Writ.  No law required Defendant to docket such an untimely challenge.  "Issuance by the [Supreme] Court of an extraordinary writ . . . is not a matter of right, but of discretion sparingly exercised."  SUP. CT. R. 20.

### III. CONCLUSION

Accordingly, the *Motion to Dismiss* is granted.

IT IS SO ORDERED.

Signed this 3rd day of May 2007.

/s/ Mary Lou Robinson

**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**